Estate of Marguerite D. Haldeman, Deceased, Paul J. Haldeman, Executor v. Commissioner.
Estate of Marguerite D. Haldeman v. Commissioner
Docket No. 54372.
United States Tax Court
T.C. Memo 1956-173; 1956 Tax Ct. Memo LEXIS 118; 15 T.C.M. (CCH) 900; July 25, 1956
*118 Held, $3,000 of a $12,500 payment received by decedent upon her divorce was a periodic alimony payment within the meaning of section 22(k) of the 1939 Code. F. Ewing Glasgow, 21 T.C. 211 (1953), followed. Maurice J. McCarthy, Jr., Esq., 60 East 42nd Street, New York, N. Y., for the petitioner. James J. Quinn, Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: This proceeding involves a deficiency in income tax for the year 1947 in the amount of $966.25. The sole issue is whether $3,000 of a $12,500 payment received by decedent at the time of her divorce was taxable as a periodic payment of alimony within the meaning of section 22(k) of the 1939 Code. [Findings of Fact] All of the facts were stipulated, are so found, and are incorporated herein by this reference. *119 Paul J. Haldeman is the surviving executor of the estate of Marguerite D. Haldeman (hereinafter referred to as the decedent) who died on August 19, 1952. Decedent and F. Ewing Glasgow were married on October 8, 1946. They were separated in July 1947 and divorced on December 22, 1947. Incident to such divorce, they entered into an agreement dated December 22, 1947, the pertinent parts of which are set forth in . Such agreement provided that decedent's husband would pay her $12,500 upon the granting of the divorce decree and $3,000 per year thereafter, beginning on the 15th day of January 1949. On his individual income tax return for 1947, decedent's husband claimed the entire $12,500 paid to her in that year as a deduction under section 23(u). On her return for such year, decedent did not include any part of the $12,500 as taxable income. (Opinion] In a proceeding before this Court, entitled , we construed the separation agreement and concluded that $3,000 of the $12,500 payment received by decedent in 1947 was deductible by her husband under section 23(u). Subsequent to that proceeding, the *120 respondent determined that $3,000 of the $12,500 payment was includible in decedent's gross income for 1947. The petitioner entered an appearance at the hearing, but filed no brief. This proceeding and the one involving decedent's husband have come to us in reverse order. Section 23(u) of the 1939 Code provides for the deduction of periodic alimony payments by the husband, which are includible in the wife's income under section 22(k). [1] Hence, the deduction of a periodic alimony payment under section 23(u) [2] is, by statute, dependent upon such payment being an item of gross income under section 22(k). But the converse of that statutory relationship is not true. The issue before us here is whether $3,000 of the $12,500 payment received by decedent in 1947 was taxable to her under section 22(k). Even though we have held that such sum was deductible by decedent's husband under section 23(u), that determination is not binding on the decedent here. See (C.A. 7, 1953), reversing, on another point, a Memorandum Opinion of this Court, dated November 28, 1952. Nor is our prior holding binding on decedent under the doctrine of res *121 judicata since she was not a party to the prior proceeding involving her husband. *122 However, while neither the statute nor the doctrine of res judicata forecloses the petitioner here, we are constrained to adhere to our previous construction of the separation agreement between decedent and her husband. In this proceeding petitioner offered no other evidence than the separation agreement itself; and since we have already carefully considered the provisions and intent of that agreement, we feel that no purpose would be served in retreading that ground here. We, therefore, conclude that $3,000 of the $12,500 payment which the decedent received in 1947 was includible in her gross income as a periodic alimony payment within the meaning of section 22(k). Decision will be entered for the respondent. Footnotes
1. SEC. 22. GROSS INCOME. * * *
(k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * * ↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(u) Alimony, Etc. Payments. - In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.↩